IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| NELSON ARAGONES,<br>　　Petitioner, | §<br>§<br>§ | |
| v. | § | EP-21-CV-296-DCG |
| | § | |
| UNITED STATES OF AMERICA,<br>　　Respondent. | §<br>§<br>§ | |

## MEMORANDUM OPINION AND ORDER

Nelson Aragones, Federal Prisoner Number 28199-480, asks the Court to intervene in his behalf and order the Bureau of Prisons (BOP) to (1) transfer him to another prison, and (2) grant him double credit for the time he has already served. Pet'r's Pet. 3, 16, ECF No 1. "[B]ecause he is challenging the manner in which his sentence is being executed rather than the legality of his conviction or the validity of his sentence," his pleading is construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. United States v. White, 370 F. App'x 474, 475 (5th Cir. 2010) (citing United States v. Brown, 753 F.2d 455, 456 (5th Cir.1985)). And because he was represented by the Federal Public Defender during the criminal proceedings brought against him, he will be allowed to proceed without prepaying costs or fees. His petition, however, is dismissed without prejudice for the following reasons.

## BACKGROUND AND PROCEDURAL HISTORY

Aragones is serving a 120-month sentence for possessing with intent to distribute more than 500 grams of methamphetamine. See United States v. Aragones, EP-18-CR-3544-DCG-1, J. Crim. Case 1, 2, ECF No. 81. He is not in BOP custody; he is confined at the West Texas Detention Facility—a privately-run prison in Sierra Blanca, Texas. See BOP, Find an Inmate,

https://www.bop.gov/inmateloc/ (search for Reg. No. 28199-480) (last visited Dec. 10, 2021). His projected release date is March 27, 2030. Id.

Aragones complains about the "harsh conditions" at the West Texas Detention Facility. Pet'r's Pet. 4, ECF No. 1. He asserts the facility is "overcrowded" and inmates have to "sleep on the floor." Id. at 12. He alleges it lacks water and inmates are forced to use portable restrooms. Id. He suggests "most of the [medical] staff have no experience" and the medical providers are "not prepared to perform [their] duties." Id. He maintains "the administration was not ready at all to handle . . . [the COVID-19] pandemic." Id. at 13. He avers "[f]ood service keeps serving . . . the same [food] over and over" and he opines it "is unhealthy." Id. He contends the commissary overcharges for the items it sells. Id. at 14. He reports "[t]he education department has been closed" and there are "no church services." Id. He claims the air ducts are full of "dust and sand" and create an environmental hazard when the heating or cooling systems are turned on. Id. He adds the maintenance department is undermanned and takes days to fix anything. Id. at 15. He alleges "the recreation schedule is not followed" and "[t]he grievance system is trash." Id. He asks the Court to order the BOP to transfer him to another facility and give him double credit for the time he has already served at the West Texas Detention Facility. Id. at 3, 16.

## APPLICABLE LAW

A prisoner may attack the way his sentence is being executed in the district court with jurisdiction over his custodian pursuant to a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Reyes-Requena v. United States, 243 F.3d 893, 900–01 (5th Cir. 2001); Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000); United States v. Cleto, 956 F.2d 83, 84 (5th Cir. 1992). But he must show he is "in custody' and must have exhausted his available state remedies" for habeas relief. Dickerson v. State of La., 816 F.2d 220, 224 (5th Cir. 1987). And he

may not receive habeas corpus relief unless he provides evidence of a transgression of his constitutional rights or an injury that "'if condoned [would] result in a complete miscarriage of justice.'" Kinder v. Purdy, 222 F.3d 209, 213 (5th Cir. 2000) (quoting United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992)).

A reviewing court accepts a petitioner's allegations as true during its initial screening of a § 2241 petition. 28 U.S.C. § 2243; Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). It also evaluates a petition presented by a pro se petitioner under more a lenient standard than it applies to a petition submitted by counsel. Erickson v. Pardus, 551 U.S. 89, 94 (2007). But it must still find "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 556. Upon completing its initial screening, it must "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)), 28 U.S.C. foll. § 2254.

## ANALYSIS

Aragones alleges his conditions of confinement are so bad at the West Texas Detention Facility that the Court should intervene in his behalf and order the BOP to transfer him to another facility and give him double credit for the time he has already served there. Pet'r's Pet. 3, 16, ECF No 1.

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" Gunn v. Minton, 568 U.S. 251, 256 (2013) (quoting Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). They must "presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction

3

rests on the party seeking the federal forum." Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001).

"No inmate has a constitutional right to be housed in a particular place or any constitutional right to early release." Cheek v. Warden of Fed. Med. Ctr., 835 F. App'x 737, 740 (5th Cir. 2020) (citing Wottlin v. Fleming, 136 F.3d 1032, 1037 (5th Cir. 1998); Rublee v. Fleming, 160 F.3d 213, 217 (5th Cir. 1998). "The conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in any of its prisons." Meachum v. Fano, 427 U.S. 215, 224 (1976). Moreover, "[i]t is well settled that the decision where to house inmates is at the core of prison administrators' expertise." McKune v. Lile, 536 U.S. 24, 39 (2002). Consequently, 18 U.S.C. § 3621(b) provides the BOP has exclusive authority and discretion to designate an inmate's place of confinement. Moore v. United States Att'y Gen., 473 F.2d 1375, 1376 (5th Cir. 1973); Ledesma v. United States, 445 F.2d 1323, 1324 (5th Cir. 1971). Specifically, § 3621(b) provides "[t]he Bureau of Prisons shall designate the place of the prisoner's imprisonment[.] . . . Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court." 18 U.S.C. § 3621(b). "[A]ny approach that puts the judicial branch in charge of designating the place of confinement for a federal prisoner—no matter how well justified on utilitarian grounds—collides with [18 U.S.C. § 3621(b)], which gives the Attorney General unfettered discretion to decide where to house federal prisoners." In re Gee, 815 F.2d 41, 42 (7th Cir. 1987). As a result, the BOP—not the judiciary—is responsible for determining a prisoner's place of confinement.

Additionally, "[a]fter a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." See United States v. Wilson, 503 U.S. 329, 335 (1992) (citing 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment . . . shall be committed to the custody of the Bureau of

Prisons until the expiration of the term imposed")); see also 28 C.F.R. § 0.96 ("The Director of the Bureau of Prisons is authorized to exercise or perform any of the authority, functions, or duties conferred or imposed upon the Attorney General by any law relating to the commitment, control, or treatment of persons (including insane prisoners and juvenile delinquents) charged with or convicted of offenses against the United States.")). A district court has "no jurisdiction to grant or deny credits at sentencing. The computation of credits is wholly the function of the United States Attorney General." United States v. Binion, 981 F.2d 1256 (5th Cir. 1992) (citing Wilson, 503 U.S. at 333–36). Consequently, "[b]ecause the district court lacks the authority to award or deny credit," the BOP would not be bound by any court decision on awarding credits. In re U.S. Bureau of Prisons, Dep't of Justice, 918 F.3d 431, 439 (5th Cir. 2019). Thus, the BOP—not the judiciary—is responsible for implementing the statutes concerning the computation of a federal sentence and the awarding of credits.

"To be clear, though, vested authority in the BOP might not wholly eliminate a court's role" in reviewing a BOP decision. Cheek v. Warden of Fed. Med. Ctr., 835 F. App'x 737, 740 (5th Cir. 2020) (citing Melot v. Bergami, 970 F.3d 596, 599–600 (5th Cir. 2020)). A challenge to the BOP's application of the statutes—and the possible abuse of its discretion—could make judicial review appropriate. Id.

Here, however, Aragones does not claim he asked the BOP for a transfer to another facility—or for additional credit for time served in the West Texas Detention Facility. Without a denial from the BOP, Aragones has nothing for the Court to review. Indeed, Aragones has not met his burden of establishing the Court has jurisdiction over his claims. Howery, 243 F.3d at 916.

## CONCLUSION AND ORDERS

The Court concludes that the BOP has the exclusive authority to determine a prisoner's

5

place of confinement and to award credits toward his sentence. It further concludes it does not have the authority to order Aragones' placement in another facility or the recalculation of his sentence with extra credit for time served at the West Texas Detention Center. It also concludes it appears from the face of Aragones' petition that he is not entitled to § 2241 relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996) (discussing summary dismissal under Rule 4 of the Rules Governing Section 2254 Cases); see also 28 U.S.C. § 2243. The Court, therefore, enters the following orders:

**IT IS ORDERED** that the filing fee is **WAIVED** and Aragones is permitted to proceed in forma pauperis with his petition.

**IT IS FURTHER ORDERED** that Aragones' "Motion for a Court Order to the Federal Bureau of Prisons to Take Custody of Petitioner" and "Motion to Request the Time Served at the West Texas Detention Facility to be Counted as Double"—which the Court construes as a petition for a writ of habeas corpus under 28 U.S.C. § 2241" (ECF No. 1)—is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SIGNED** this 13th day of December 2021.

DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE